BRAND, Banking Com'r, v. CURRENT et al.

No. 3342.

Court of Civil Appeals of Texas. El Paso.

Feb. 13, 1936.

Ocie Speer, of Austin, for appellant.

M. F. Armstrong, Jr., of Weslaco, and J. Hodge Thompson, of Corsicana, for appellees.

HIGGINS, Justice.

This case was tried upon agreed facts as follows:

"I. The Security State Bank, of Weslaco, Texas, ceased operations as a bank on January 18, 1933, and thereafter its affairs have been in the hands of the Banking Commissioner of Texas for liquidation. At the time said bank closed, Interveners had on deposit in said bank the following accounts:

| | |
|---|---|
| W. A. Current—Unrestricted Deposit | $200.84 |
| Sarah Inez Current—18 mos. Res. | 547.09 |
| Sarah Inez Current—24 Mos. Dep. | 1450.00 |

"That the books, records and accounts in the hands of the Liquidating Agent of the Commissioner of Banking showed that the balances above set out were due and owing to said depositors in the amounts shown.

"II. That the Banking Commissioner, in proceeding with the liquidation of said insolvent bank, published and posted timely and sufficient notices to creditors thereof to present proof of claim, and mailed to the last known address of these Interveners notices to present their claims, said latter notices indicating the amounts owing to Interveners, as shown by the accounts and records of said defunct bank, as being Two

Hundred ($200.84) ——— to the said W. A. Current and a total of $1997.09 to Sarah Inez Current. Both of the interveners herein are nonresidents of the State of Texas, and neither was in the State during the year 1933 except that in the month of October or November the said W. A. Current was in Weslaco for a short time, during which he filed formal proof of claim. Neither of said interveners had any actual knowledge of the posting and publishing of said notices, and the notices mailed to them were not received. During most, if not all, of the period provided in said notes for the presentment of claims, the Interveners were absent not only from the State of Texas but also from the United States. That within a reasonable time after actual notice of the fact that said bank was being liquidated and that proof of claim should be made, proof of same was submitted. That the claims of Interveners have been allowed as to all future dividends after the first one of 10%; that there are on hand sufficient funds to pay off and discharge a similar dividend on the claims of Interveners."

Judgment was rendered "that the claims of said Interveners, W. A. Current and Sarah Inez Current, against the Security State Bank of Weslaco, Texas, in liquidation, be and the same are hereby allowed and approved in the sum of $200.84 and $1997.09, respectively; *that the said Banking Commissioner at once pay to each of said Interveners an amount equivalent to ten per cent of their respective claims, the payment of such amount to be made in lieu and in satisfaction of the first dividend paid to creditors of said closed bank;* that the said Interveners participate in all future dividends on an equal basis with the other creditors thereof." (Italics ours.)

The banking commissioner appeals complaining of that portion of the judgment ordering him to pay 10 per cent. of interveners' claims in lieu and satisfaction of the first dividend paid to creditors of the bank.

## Opinion.

Respecting the liquidation of insolvent banks, it is provided:

"*Notice to Creditors.* The Commissioner shall cause weekly notice to be given in one or more newspapers for three consecutive months, calling on all persons who may have claims against such bank to pre-sent the same to the Commissioner and make legal proof thereof at a designated place within ninety days after the date of the first insertion of such notice. The notice shall, in larger type than that in which the body of the notice is printed, specifically state that no claim of guaranteed depositors presented after such time shall be entitled to payment in whole or in part out of the Depositors' Guaranty Fund. The Commissioner shall mail a similar notice to all persons whose names appear as creditors upon the books of the bank. Provided, however, that the Commissioner shall have the discretion to approve any claim against insolvent banks and bank trust companies filed by depositors as claims against the Depositors' Guaranty Fund after the expiration of the time herein provided for the filing of such claim, provided such claim be filed before the declaring of the first dividend to creditors of such bank or bank and trust company; and provided further that claimant shows to the satisfaction of the Banking Commissioner that he did not receive the notice herein provided for or a reasonable excuse for not having filed his claim within the time prescribed by this article." Article 456, R. S., as amended by Acts 1926, 1st Called Sess., c. 2, § 1 (Vernon's Ann.Civ.St. art. 456).

"*Delayed Claims.* Claims presented after the expiration of the time fixed in the preceding article shall be entitled to share in the distribution only to the extent of the assets remaining in the hands of the Commissioner equitably applicable thereto." Article 457, R.S.

Claims presented after the time prescribed in article 456 are not entitled to be paid dividends theretofore declared and payment thereof made out of assets of the bank remaining in the hands of the commissioner. The plain import of the statutes quoted is to limit the right of such delayed claims to participation in future dividends only.

The same question was presented to the Supreme Court of Wisconsin in Wisconsin Trust Co. v. Cousins, 172 Wis. 486, 179 N.W. 801, 807. The statutes of that state are practically identical with articles 456 and 457 of this state. In that case the court said: "As to the fourth of the above-stated questions, the answer must also be reached without help from other sources than from a construction of the statutory language. From such consideration

we hold that it is the intent of the last clause of said subdivision 5, supra, that the belated claimant shall share in the distribution only to the extent of the assets in the hands of the commissioner at that time equitably applicable for such then distribution. That is that the language, 'equitably applicable thereto,' must speak only as of the time at which such claim is presented to the commissioner. Such belated claimant is not equitably entitled to share with the diligent creditor in dividends that have theretofore been paid to such diligent creditor. To the extent of such prior payment the assets used in such payment are no longer present to be subject to any equitable right of such belated claimant to participate in their distribution."

Accordingly, it is ordered that the judgment of the court below be reformed by eliminating the italicized portion thereof.

As so reformed, the judgment is affirmed. Costs of appeal will be taxed against the appellees.

Reformed and affirmed.